### BROKMAN *v.* MYERS.

*(Supreme Court, General Term, First Department. February 11, 1891.)*

1. BEST AND SECONDARY EVIDENCE—NOTICE TO PRODUCE ORIGINAL.
   During the trial of an action, in the afternoon, plaintiff gave to defendant verbal notice to produce a bill of sale which had been delivered by plaintiff to defendant, and later in the afternoon written notice to the same effect was served on defendant's attorney; but he failed to produce it the next morning, when the case proceeded. *Held,* it not appearing that defendant had made any effort to obtain and produce it, or that he could not produce it, that plaintiff might give a copy of it in evidence.

2. ESTOPPEL—CONSIDERATION OF BILL OF SALE.
   A bill of sale by plaintiff to defendant of a stock of goods contained a covenant by defendant to pay all the debts of plaintiff, a list of which was annexed. *Held,* that the effect of this covenant could not be overcome by oral proof that the consideration was a less sum, and the court properly charged the jury that it was conclusive against defendant as to the consideration.

3. TRIAL—DIRECTING VERDICT—CONFLICTING EVIDENCE.
   In an action for money loaned, defendant testified that at an interview with plaintiff he stated to plaintiff what had been paid to the latter, and the amount remaining unpaid, and that he gave plaintiff a note for that amount, which was afterwards paid. *Held* that, as the effect of the testimony was for the jury, and it was inconsistent with the obligation assumed by defendant in a bill of sale to him from plaintiff, and with another payment relied on by defendant, and other circumstances, the court properly refused to direct a verdict for defendant, as upon proof of an account stated and payment thereof.

Appeal from circuit court, New York county.

Action by Morris A. Brokman against Lewis Myers. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Horwitz & Hershfield,* for appellant. *Townsend, Dyett & Einstein,* (*B. F. Einstein,* of counsel,) for respondent.

DANIELS, J. This suit was brought to recover a balance of moneys alleged to have been loaned by the plaintiff to the defendant; and there was no substantial controversy as to the fact that the loans as they were alleged had been made, except that from the last amount charged the defendant testified that $500 had been repaid to the plaintiff. This, however, was denied by him in the course of his evidence given upon the trial. It was admitted in the plaintiff's bill of particulars that the sum of $6,304.80 had been received by the plaintiff, and was credited upon the loans, leaving a balance of $2,995.20 as the amount still remaining unpaid. The defendant, by way of defense, alleged that he had repaid the plaintiff all the moneys which had been borrowed

from him. This repayment consisted in part of $5,200 paid by the defendant upon the indebtedness of the plaintiff arising in a cloak business carried on by him. This business was transferred by the plaintiff to the defendant. The latter testified that he had agreed to pay the former the sum of $2,500 for the stock in the business, and evidence was given by his son and his son-in-law tending to establish the correctness of this statement; but it was controverted on the part of the plaintiff, whose position was that the business had been transferred by him to the defendant upon the consideration that he should pay the indebtedness which had been created in the course of carrying it on, amounting to the sum of $5,207.49; and the disposition of the action mainly depended upon which of these persons was correct in the statement made concerning the sale of the business. To corroborate the plaintiff the defendant was interrogated as to the fact of a bill of sale having been executed and delivered to him for the transfer of the business. A copy of what was asserted to be the bill of sale was produced, and the defendant was interrogated concerning it, but did not concede that it was an accurate copy of the instrument which had been executed and delivered to him by the plaintiff. This copy was offered as evidence, but it was objected to on the part of the defendant, and verbal notice was thereupon given to the defendant, while he was upon the witness stand in the afternoon, requiring him to produce the original bill of sale; and later in the afternoon a written notice to the same effect was served upon his attorneys. He failed to produce the bill of sale before the court in the morning when the case again proceeded, and the plaintiff offered the copy that was produced by him, and affirmed to be a true copy of the bill of sale, in evidence, and that was received by the court. It was objected on the part of the defendant that the notice to produce the original bill of sale was insufficient to permit the copy to be received as evidence. But it did not appear that the defendant had made any effort whatever to obtain the bill of sale and produce it upon the trial, or that he could not do that; and, as such an instrument had concededly been made to him, it is to be presumed that it was in his possession, and might, upon reasonable search for its discovery, have been obtained and presented upon the trial. And that he failed to make that search is a circumstance tending to indicate his indisposition to comply with the notice, or to endeavor to obtain the original instrument, and certainly created the presumption that he may have been aware of the fact that a search for the bill of sale would have enabled him to present it at the trial. It was because he had failed to search for it, and upon the assumption that the verbal notice given to him was sufficient, that the court received the copy as evidence; and in this practice the ruling has the support of what was said in the decision of *Hammond* v. *Hopping,* 13 Wend. 505, and in *Howell* v. *Huyck,* 2 Abb. Dec. 423. These authorities distinctly sustain the action of the court in permitting the copy of the bill of sale to be read in evidence. By this copy it appeared that the substantial consideration for the transfer of the stock to the defendant was the agreement that he assumed and covenanted to pay all the debts and liabilities of the plaintiff, a complete list of which was annexed to the instrument, and they amounted to the sum of $5,207.49. This instrument, the court held, in submitting the action to the jury, to be conclusive against the defendant that the consideration for which he purchased the plaintiff's stock was not the sum of $2,500, but that it was the covenant on his part to pay the debts and liabilities which had been incurred by the plaintiff in the course of the business. An exception was taken to this ruling or direction of the court in the submission of the case to the jury; and it is now insisted, inasmuch as evidence was taken during the progress of the trial tending to prove that the same was made for the consideration of $2,500, that the court should have submitted the inquiry to the jury whether this evidence should have been followed as the truthful exposition of the case, and as qualifying or over-

coming the effect of the covenant contained in the bill of sale. But this instrument was not liable to be overcome in its effect by the oral proof that the stock was sold to the defendant for the price of $2,500, for the instrument itself contained a covenant directly in conflict with the proof.

There was more than the acknowledgment of a consideration for the sale of the stock, which, if its recital stood alone, might be explained, for it was a direct and unequivocal covenant on the part of the defendant that he would pay the debts and liabilities of the plaintiff for the transfer of the stock of goods to him; and that covenant could not be avoided or annulled in its effect by mere oral evidence that the agreement for the sale of the stock had been made for a different consideration; and no principle was referred to, either in *Woolsey* v. *Funke*, 121 N. Y. 87, 24 N. E. Rep. 191, or in either of the other authorities which have been brought to the attention of the court, that would permit this covenant to be set aside by evidence of a preceding agreement of the character of that presented by way of defense. And, as his evidence was not competent for the purpose of changing the obligation assumed by the defendant by means of this bill of sale, it was the duty of the court, in submitting the case to the jury, to direct them to reject the oral evidence given on the part of the defendant to establish the fact that the sale had been made for a different consideration. *Hamilton* v. *Railroad Co.*, 51 N. Y. 100. An exception was also taken to the refusal of the court to direct a verdict for the defendant on the ground that an account had been stated between the parties on the 1st of August, 1887, which was followed by the delivery of the note of the defendant to the plaintiff for the sum of $454.80 and its subsequent payment; but this charge could not justly be given to the jury, for the reason that the statement made of the indebtedness and the manner of its adjustment depended wholly upon the testimony of the defendant, and what was to be the effect of that testimony was for the jury to decide. Beyond that, the statement of the defendant was inconsistent with the obligation created by the bill of sale for the payment of the debts of the business. In making it, the sum of $5,200 was included as a charge against the plaintiff, when in fact it was money which had been paid by the defendant to satisfy the debts and liabilities of the business. The defendant also relied upon the payment to the plaintiff of the sum of $500, which the latter denied having received; and whether he had received it from the defendant or not was for the jury to determine. The statement relied upon was not the statement of an account between the parties, but it was a verbal interview between them, in which the defendant testified that he stated to the plaintiff what had been paid to him, which brought the account down to the sum of $454.80, for which he gave the note that was afterwards paid. This was entirely inconsistent with the testimony given by the plaintiff, as well as with the covenant contained in the bill of sale, so far as it related to the moneys paid by the defendant for the extinguishment of the debts of the plaintiff. Upon this subject the charge of the court was really more favorable to the defendant than he was entitled to insist upon; and the same may be said with propriety as to each of the other exceptions taken by the defendant's counsel to the charge, for neither the evidence of the witnesses, nor the surrender of the notes, as that was stated and explained, nor both together, were conclusive in favor of the defendant. Other exceptions were taken during the trial to rulings upon offers of evidence, but in no respect does any substantial error appear to have arisen in their disposition to the prejudice of the defendant. The evidence was entirely sufficient to submit the questions in the case to the jury, and they found the plaintiff entitled to the balance claimed by him after deducting therefrom an item of $100. Both the order and the judgment should be affirmed, with costs. All concur.